DRIVER'S, SALESMEN, WAREHOUSEMEN, MILK PROCESSORS, CANNERY, DAIRY EMPLOYEES & HELPERS LOCAL NO. 695, Plaintiff-Respondent,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Defendant-Appellant.†

Court of Appeals

*No. 88–1259. Submitted on briefs September 27, 1988.—
Decided November 17, 1988.*

(Also reported in 433 N.W.2d 638.)

† Petition to review granted.

For the defendant-appellant the cause was submitted on the brief of *Peter W. Zeeh,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Scott D. Soldon* and *William S. Kowalski* and *Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C.,* of Milwaukee.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J.   The Labor and Industry Review Commission (LIRC) has appealed from an order reversing its decision finding Teamsters Union Local 695 liable for delinquent unemployment compensation tax contributions. The union failed to pay tax contributions based on union dues refunds it had paid to its stewards. The question is whether the refunds are "wages" for purposes of sec. 108.02(26), Stats. That statute defines "wages" as "every form of remuneration payable for a given period ... to an individual for personal services ...." We conclude that the refunds are "wages." We reverse and remand with directions to affirm LIRC's decision.

LIRC found that individual employers deduct union dues from the paychecks of all union members, including stewards, and forward the dues to the union. Each December the union refunds to each steward the dues which had been deducted from his or her checks. The purpose of the refund is not clearly defined by the union, but there is no question that it is a monetary reward for acting as a union steward. Union stewards act as representatives of the union in the everyday affairs of the work place. The position they hold and the services they perform as stewards are for the

benefit of the union. LIRC concluded from these factual findings that a dues refund is a form of remuneration the union pays to stewards for their services, and that the refunds are wages within the meaning of sec. 108.02(26), Stats.

On appeal, the union points out that a dues refund is made to a steward, whether or not the steward has spent any time on union business during the preceding year. LIRC made no finding to that effect, but the union's office manager testified that refunds paid to stewards are not based on services performed, since some stewards do nothing. On the other hand, the same witness testified that a steward can do such things as telling another worker how to file a grievance and what steps to take, and that if a worker goes to the employer, many times a steward will accompany the worker. The witness testified that stewards "are supposed to help the people in the union."

Whether on these facts union dues are remuneration payable for a given period for an individual's services and are therefore wages as defined in sec. 108.02(26), Stats., is a question of law. LIRC's decisions on questions of law are not conclusive on a reviewing court. *Palombi v. LIRC,* 140 Wis. 2d 520, 523, 410 N.W.2d 654, 656 (Ct. App. 1987). Nonetheless, because LIRC administers sec. 108.02(26), we give great weight to its interpretation, and we will sustain its reasonable interpretation, even if an alternate view is equally reasonable. *Bruns Volkswagen, Inc. v. DILHR,* 110 Wis. 2d 319, 322, 328 N.W.2d 886, 888 (Ct. App. 1982). We do not defer to the trial court's view on issues of law.

The only reasonable inference from this record is that stewards are available to assist union members. *Compare Doersching v. Funeral Directors,* 138 Wis. 2d 312, 323, 405 N.W.2d 781, 786 (Ct. App. 1987) (reviewing court may infer that agency made unexpressed factual finding which evidence supports). Whether some stewards who are paid refunds have provided no assistance is immaterial. "They also serve who only stand and wait." Milton, *On His Blindness* (1652).

We accept as reasonable LIRC's conclusion that dues refunds the union pays to its stewards are remuneration for their services. For that reason, the refunds are wages within the meaning of sec. 108.02(26), Stats. We therefore reverse the order appealed from and direct the trial court to affirm LIRC's decision.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.